Martin, J.
delivered the opinion of the court. The petition states that the plaintiff’s testator was drowned in the bayou Teche, in the parish of St. Martin, and the defendant took a large sum of money, from the corpse, which he brought to New-Orleans and deposited in a bank, in his own name, that the plaintiff made a demand of it, and the defendant refused to pay the same, whereby he became indebted to him, in the sum of $6150, the amount taken from the corpse, with damages.
*167 The defendant pleaded in abatement, that the court of the parish and city of New-Orleans, in which he is sued, has no jurisdiction of the case, because the cause of action originated out of the parish.
There was judgment for the defendant on this plea, and the plaintiff appealed.
The defendant urges that his plea did properly prevail, if the facts stated in the petition be true : the money sued for came to the defendant’s hands in the parish of St. Martin, and it is the taking of the money which is the origin of the claim.
The plaintiff contends that he has brought his action for a debt, and has stated that the defendant is indebted to him, to the amount of the money taken from the corpse. Now the taking of the money did not create a debt, for the defendant might well and honestly take a sum of money from the corpse, for the purpose of preserving it from destruction or stealth, without thereby creating a debt, for had he been robbed, or otherwise lost the money without any fault or neglect on his part, he would not have been liable to pay. The depositing the money in bank, even in the defendant’s own name, would not have created a debt ; for it was a measure of safety. Had the bank *168 failed, no claim could have existed against the defendant for he was not indebted. But he afterwards refused to pay or deliver this money to the executor of the deceased ; and this refusal is evidence of a conversion of the money to his own use, a tortious act, which made him liable for the money, even if the bank, with whom it was deposited, afterwards failed. This circumstance is presented as the origin and ground of the claim. A claim not for an account, but for the payment of an existing debt resulting from the wrongful conversion of the money of the estate to the use of the defendant.
We are of opinion, that the case in the petition might justify the plaintiff in supporting an action, on an implied contract, similar to the action of the common law for money had and received to his use, and which would have been supported by the evidence of the money being taken out, in St. Martin’s parish ; but he has chosen to state the tort or conversion in New-Orleans, proved by the defendant depositing the money in his own name and refusing to pay. Although the depositing of the money would not be an evidence of a conversion, the refusal to pay it is certainly. The case is, therefore, to be fairly and strictly supportable, *169 on a cause of action, accruing in New, Orleans, viz. the application of the money to the defendant's use.
Carleton for the plaintiff, Hennen for the defendant.
Pleas in abatement are not to be favoured, and unless the defendant shews a clear case, must be overruled. The parish court erred in sustaining the plea.
It is, therefore, ordered, adjudged and decreed that the judgment be annulled, avoided and reversed, and that the cause be remanded with directions to the judge to proceed, as if the plea had been overruled in his court, and it is ordered that the costs of the appeal be paid by the appellee.